UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NELSON VELAZQUEZ,

    Plaintiff,

    v.

OFFICE OF THE ILINOIS SECRETARY
OF STATE, THOMAS BENIGNO, BRAD
DEMUZZIO, STEPHAN ROTH, MIKE
PIPPIN and STEVE NASH,

    Defendants.

No. 09 C 3366
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff Nelson Velazquez is an adult Hispanic male and was formerly employed as a law enforcement officer for the Illinois Secretary of State. Plaintiff filed a complaint in this Court alleging race discrimination, a due process violation, and unlawful arrest.[1] Specifically, Plaintiff alleges in Count I that he was discriminated against because of his race on three occasions: (1) On September 26, 2007 when he was placed on administrative leave; (2) on November 16, 2007 when he was suspended from his employment without pay; and (3) on April 30, 2008 when he was involuntarily terminated.[2] Plaintiff seeks a declaratory judgment that these actions are

---

[1] Defendant Benigno is employed by the Illinois Secretary of State in the capacity of Chief of Staff. Defendant Demuzzio is employed by the Illinois Secretary of State in the capacity of Director of the Illinois Secretary of State Police. Defendant Stephan Roth is employed by the Illinois Secretary of State in the capacity of Director of the Illinois Secretary of State Personnel Office. Defendant Pippin is employed by the Illinois Secretary of State as an internal investigator. Defendant Nash is employed by the Illinois Secretary of State as an investigator.

[2] Plaintiff also filed an action in Illinois State Court in January 2009, Case Number 09 L 50063. In his complaint, Plaintiff asked that the "Court review and reverse the decision of the

unlawful, a mandatory injunction reinstating Plaintiff to his former position, compensatory damages and attorneys' fees. Count II alleges a violation of his due process rights under the Fourteenth Amendment to the Constitution by Defendants Benigno, Demuzzio and Roth. In this Count, Plaintiff alleges that on November 16, 2007 he was suspended without pay for a period of time exceeding thirty days without being provided with written charges of the allegation and without having an opportunity to be heard in violation of the Merit Employment Code. Plaintiff seeks a declaratory judgment determining the actions complained of are unlawful under 42 U.S.C. §§ 1983 and 1988, a mandatory injunction reinstating his position, compensatory damages and attorneys' fees. Count III alleges unlawful arrest in violation of the Fourth Amendment to the Constitution against Defendants Pippin and Nash. Plaintiff alleges that on or about September 26, 2007 he was placed under arrest by Pippin and Nash with no evidence that would establish probable cause. Plaintiff seeks a declaratory judgment that the actions complained of are unlawful under 42 U.S.C. §§ 1983 and 1988, compensatory damages, assessment against each defendant and the cost of attorneys' fees.

Defendants now move to dismiss all counts of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). For the following reasons, Defendants' motion to dismiss Plaintiff's complaint is denied.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiff's complaint as true

---

Secretary of State Merit Commission of the State of Illinois which was adverse" to him.

and draw all reasonable inferences from those facts in favor of the Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). Plaintiff, for his part, must do more than solely recite the elements for a violation; he must plead with sufficient particularity so that his right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead his facts so that, when accepted as true, they show the plausibility of his claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of his entitlement to relief. *Id.* (internal quotations omitted).

**III. DISCUSSION**

**A. Count I**

Under Title VII of the Civil Rights Act of 1964, it is unlawful "for an employer to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's Count I alleges that because of his race, Plaintiff is Hispanic, he was placed on administrative leave, suspended, and involuntarily terminated.

Prior to the Supreme Court cases of *Twombly* and *Iqbal*, the Seventh Circuit allowed those asserting Title VII discrimination to plead "quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. Ill. 2008). Even after *Twombly,* the Seventh Circuit noted, that "[P]eople have reasonably clear ideas of how a racially biased person might behave" (*Equal Employment Opportunity Commission v. Concentra Health Services Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)) and that "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical

3

importance to the claim." *Id*. The allegation, "I was turned down a job because of my race," is sufficient to state a claim upon which relief can be granted. *Id*. at 781. Although *Concentra* was decided just after *Twombly*, the Seventh Circuit later reexamined the pleading standard for Title VII discriminations cases in the wake of *Twombly*. *Blagojevich,* 526 F.3d at 1084-85. Prior to the Supreme Court's decision in *Ashcroft v. Iqbal*[3] the Seventh Circuit expressed that they intended neither to "over-read nor under-read" the holding of *Twombly*. *Id*. at 1082. Given this intent, however, the Seventh Circuit proceeded to analyze the Title VII pleading standard according to the new, heightened *Twombly* standard.

In *Blagojevich,* the Seventh Circuit acknowledged that *Twombly* required a two-prong approach to establishing a complaint in federal court. *Blagojevich*, 526 F.3d at 1084. First, the complaint must provide "sufficient detail" of the asserted claims to give the defendant fair notice of the claim and the grounds upon which it rests. *Id*. Second, the allegations must rise above the level of speculation and "plausibly suggest that the plaintiff has a right to relief." *Id*.

Acknowledging "that a complaint must contain something more than a general recitation of the elements of the claim," the Seventh Circuit reaffirmed the minimal pleading standard for simple claims of race or sex discrimination set forth in *Bennett v. Schmidt* and affirmed in *Concentra*. *Id*. at 1084-85; *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *Concentra*, 496 F.3d at 781-82. This standard acknowledged that "racial discrimination in employment is 'a claim upon which relief can be granted,'" and stated that no detail beyond the clarifying

---

[3] In *Iqbal*, the Supreme Court extended its *Twombly* pleading analysis beyond the confines of specific facts of that case. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Following *Iqbal*, the *Twombly* analysis is applicable to all civil cases. *Brooks v. Ross*, 578 F.3d 574, (7th Cir 2009).

4

allegation that discrimination is on the basis of race is necessary. *Bennet*, 153 F.3d at 518. Furthermore, the Seventh Circuit recognized that although a Title VII claim requires proof of intentional discrimination, "this is implied by a claim of racial 'discrimination.'" *Id*.

Defendants argue that Plaintiff has failed to state a claim of discrimination under Title VII because Plaintiff has made no "non-conclusory allegation that he was discriminated against" (emphasis omitted). Plaintiff's complaint states that he is "an adult Hispanic" and therefore a member of a protected class under the terms of the Civil Rights Act of 1964, that he was "formerly employed as a law enforcement officer for the Secretary of State," and that he was discriminated against because of this race on three separate occasions: (1) on September 26, 2007 when he was placed on administrative leave; (2) on November 16, 2007 when he was suspended from his employment; and (3) on April 30, 2008 when his employment was involuntarily terminated. Although Plaintiff's Count I is sparse, given the standard set forth by the Seventh Circuit, I find that it does meet the two-prong pleading standard set acknowledged in *Blagojevich*. Defendants' motion to dismiss Plaintiff's Count I is therefore denied.

**B. Count II**

Plaintiff's Count II alleges due process violations under the Fourteenth Amendment to the Constitution as to Defendants Denigno, Demuzzio and Roth. Plaintiff alleges that on or about November 16, 2007 he was suspended without pay pursuant to a decision made by Benigno, Demuzzio and Roth. This suspension was in effect until April 30, 2008, approximately 166 days. As provided by the Illinois Secretary of State Merit Employment Code, an employee may not be suspended for more than thirty days without being provided with written charges of the allegations against the employee and without having had an opportunity to be heard to object to

5

the discipline. 15 ILCS 310/9. Plaintiff alleges that he was never provided with written charges outlining the reasons for his suspension, nor was he provided with an opportunity to have a hearing. Finally, Plaintiff alleges that he was not allowed to challenge his suspension with the Merit Commission.

Defendants argue that Plaintiff's Count II should be dismissed without prejudice pending the conclusion of "parallel proceedings in the Circuit Court of Cook County."[4] Defendants assert that Count II and Plaintiff's state lawsuit are parallel because substantially the same parties and issues are involved in both lawsuits. Providing that the lawsuits are parallel, Defendants argue that under the *Colorado River* doctrine (*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-21 (1976)), this Court should dismiss Count II. Finally, Defendants argue that Plaintiff could have and should have raised his Count II allegations at his hearing before the Merit Commission regarding his termination, and subsequently in his state court lawsuit; therefore, Defendants argue this claim is barred by *res judicata*. Plaintiff denies that Count II and his state proceedings are parallel and that this claim is barred by *res judicata*.

The principles underlying the *Colorado River* doctrine rest on considerations of the "conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (internal citations omitted). Given federal courts "virtually unflagging obligation ... to exercise the jurisdiction given them," the simple fact that "an action is pending in state court ordinarily is no bar to parallel federal proceedings." *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989) (internal citations omitted). Thus, abandoning

---

[4] As previously noted, Plaintiff filed an action in Illinois State Court in January 2009, Case Number 09 L 50063

jurisdiction in "deference to parallel state proceedings" is only warranted in limited circumstances. *Id*

Suits are considered parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *LaDuke*, 879 F.2d at 1558. In deciding whether two cases are parallel, I must consider whether both cases arise out of substantially the same facts, and whether the legal issues are substantially the same. *See Tyrer v. City of Beloit*, 456 F.3d 744, 750-52 (7th Cir. 2006); *LaDuke*, 879 F.2d at 1559. "The question is not whether the suits are formally symmetrical, but whether there is a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" *AAR Int'l v. Nimelias Enters. S.A.*, 250, F.3d 510, 518 (7th Cir. 2001).

Plaintiff does not dispute Defendants' assertion that parties involved in each suit are substantially the same. Indeed, Defendants Demuzzio and Roth are both named defendants in Count II and the state court action, while Defendant Benigno is the only defendant named in Count II who is not named in the state suit.

I turn now to whether substantially the same issues are being considered in each action. Defendants note that Plaintiff's state action alleges that the Illinois Secretary of State failed to show cause for his termination. Defendants argue that this "essentially challenges the *underlying reasons* for his termination." Likewise, Defendants contend that Plaintiff's Count II in this case essentially challenges the underlying reasons for his suspension.[5] Ultimately, it is argued, Plaintiff contests in both proceedings the reasons behind his suspension and termination.

---

[5]Defendants note that Plaintiff did not allege that the underlying reasons for his suspension differed from his termination.

Defendants argue that these are substantially similar issues because Plaintiff's Count II claim is "merely that Plaintiff was not paid his salary."

Plaintiff counters that Count II does not in fact contest the reasons for his suspension, but rather "the procedure that was utilized in suspending him," rendering this a due process claim. This is in contrast to his state claim which seeks administrative review of the decision to terminate Plaintiff, including whether there was adequate cause for the termination of his employment.

Plaintiff's Count II alleges a due process violation for his suspension, whereas Plaintiff's state claim seeks administrative review for his ultimate termination. Even assuming each case arises out of substantially similar facts, the legal issues involved in the two causes of action are decidedly different. For this reason, I do not find Plaintiff's two cases parallel and do not reach the analysis of the *Colorado River* doctrine.

Finally, I will address Defendants' assertion that Count II is barred by *res judicata* because Plaintiff could have raised the issue surrounding his suspension at the administrative hearing on his termination. *Res judicata,* acts as a bar to a subsequent suit between the parties involving the same cause of action. *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 302, 703 N.E.2d 883, 889, 234 Ill.Dec. 783, 789 (Ill.,1998) (internal citations omitted). This bar "extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." *Id*. The doctrine of *res judicata* applies when: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *Id*. Seventh Circuit has held that generally, "*res judicata* applies to administrative hearings if 'the administrative agency

is acting in a judicial capacity and resolves disputed issues of fact properly before it where the parties have had an adequate opportunity to litigate.'" *Alvear-Velez v. Mukasey,* 540 F.3d 672, 677 (7th Cir.2008) (internal citations omitted); *McKay v. County of Cook*, 2009 WL 2391222, *3 (N.D.Ill. July 31, 2009).

Defendants argue that Plaintiff could have contested his suspension during his hearing before the Merit Commission regarding his termination. Plaintiff disagrees stating that (1) he could not have raised the issues surrounding this suspension at his termination hearing because no charges were brought against him, thus barring his action under 15 ILCS 310/9; and (2) there has been no final judgment that would invoke *res judicata*.

Neither Defendants nor Plaintiff provide any support for their contentions regarding the reading of 15 ILCS 310/9 and whether or not Plaintiff was required, or even allowed, to raise the issue of his suspension at his employment termination hearing. The statute itself is ambiguous, however, no where does it indicate that any and all grievances can, or must, be raised at an administrative hearing granted pursuant to the filing of written charges being filed. To the contrary, the statute indicates that a hearing will be granted "if he [employee] makes written request to the Commission within 15 calendar days after the serving of the written charges upon him." 15 ILCS 310/9 . Although the statute notes that the hearing shall be public, and that the employee is entitled to call witnesses and have the aid of counsel, the scope of the hearing is not defined. I therefore construe the statute in favor of the Plaintiff.

Defendants' motion to dismiss Plaintiff's Count II is therefore denied.

## C. Count III

Plaintiff's Count III claims unlawful arrest and alleges that Defendants Pippin and Nash violated his Fourth Amendment rights on or about September 26, 2007 by placing him under arrest without "any evidence that would establish probable cause necessary to affect an arrest." Defendants argue that this count should be dismissed because Plaintiff's allegation that he was unreasonably seized falls "well short of the pleading requirement articulated" in *Twombly* and *Iqbal* because they are merely "threadbare recitals of a cause of action supported by nothing more than conclusory statements." Defendants also argue that being "placed under arrest" is not enough for a violation of the Fourth Amendment and imply that because Plaintiff does not allege that he was "handcuffed, detained, touched or in any way coerced" his Fourth Amendment claim is invalid. However, it is Plaintiff's allegation that he was arrested without any evidence to establish probable cause that gives rise to his Fourth Amendment unlawful arrest claim.

To establish a § 1983 claim, a plaintiff must allege that he was deprived of a federal right, privilege or immunity by a person acting under color of state law. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). Plaintiff has adequately alleged that Defendants Nash and Pippin acted under color of state law. What now must be determined is whether or not Plaintiff has sufficiently alleged a deprivation of a federal right. A cause of action exists under § 1983 for unreasonable seizures. A false arrest is an unreasonable seizure prohibited by the Fourth Amendment. *Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005); *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006). Furthermore, the existence of probable cause is an absolute defense to a § 1983 false arrest claim. *Montano v. City of Chicago*, 535 F.3d, 558, 568 (7th Cir. 2008).

Plaintiff does not merely allege that he was "placed under arrest," but that he was arrested without any evidence that would establish probable cause. To state a claim for false arrest under § 1983, plaintiff must plead that officers lacked probable cause for the arrest. *Ivy v. Powers*, 2009 WL 230542, *3 (N.C. Ill. Jan. 30, 2009); *Carroccia v. Anderson*, 249 F.Supp.2d 1016, 1021 (N.D. Ill. 2003); *Ernst v. Anderson*, 2003 WL 174193,. *6 (N.D. Ill. Jan, 27, 2003). Here, although Plaintiff's Count III is sparse, it is plead sufficiently, to survive Defendants' motion to dismiss.

Finally, Defendants argue that Pippin and Nash are qualifiedly immune to Plaintiff's § 1983 claim. Under the doctrine of qualified immunity "[g]overnment officials performing discretionary functions are shielded from liability. . . insofar as their conduct does not violate clearly established . . constitutional rights." *Nabozny v. Podlesny*, 92 F.3d 446, 455 (7th Cir. 1996). A two-part test is used to determine whether qualified immunity applies: "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008). For the purpose of this motion to dismiss, I accept the facts as pleaded by the Plaintiff. In doing so, I find that Plaintiff has pleaded facts sufficient to deny Pippin and Nash qualified immunity for the purposes of this motion. Defendants' motion to dismiss Plaintiff's Count III is therefore denied.

**D. Defendants Move to Strike References to 42 U.S.C § 1988**

Counts II and III of Plaintiff's complaint seek recovery for violations of § 1988. Defendants move to strike these references because, they contend that § 1988 does not provide a cause of action.[6] Plaintiff does not respond to Defendants' assertions.

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike "will not be granted unless the statement in question bears no possible relation to the dispute, might cause unfair prejudice to a party, or could confuse the issues." *Graza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 962 (N.D.Ill.1972).

Illinois follows the "American rule," whereby attorneys' fees and costs are generally not awarded to the prevailing party unless authorized by statute or provided for by contract. *Reis Robotics USA, Inc. v. Concept Industries, Inc*. 462 F.Supp.2d 897, 908 (N.D.Ill., 2006) (internal citations omitted). Plaintiff's Counts II and III plead causes of action under 42 U.S.C § 1983. As afforded by statute, claims pursuant to § 1983 are eligible for an award of attorneys' fees. 42 U.S.C § 1988(b). At this early stage of the litigation, I cannot determine "as a definitive matter" that fees and costs are unavailable to Plaintiff. *Id*. Thus, the Court declines to strike the request for attorneys' fees and costs.

---

[6] § 1988 awards attorneys' fees to the prevailing party in certain civil rights violations.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE:  November 2, 2009